## MATTILA v. CALLISTER.

(Supreme Court, Appellate Division, Second Department. October 20, 1911.)

VENDOR AND PURCHASER (§ 334*)—CONTRACTS—RIGHTS OF PURCHASER.

A purchaser intrusted the consummation of the sale to his brother, authorized in writing to act. The vendor executed and delivered to an agent a deed to the purchaser, and without the purchaser's knowledge, but with the consent of his brother, the brother's name was substituted as grantee. The vendor, after learning of the substitution, bought the property from the brother, and, sold it for value to another. *Held*, that the purchaser could recover payments made by him under the contract and the expenses incurred, on the theory that the vendor assented to the change in the deed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 334.*]

Appeal from Special Term, Kings County.

Action by John O. Mattila against Herbert J. Callister. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

William F. Timm (Jacob Rieger, on the brief), for appellant.

Edward J. Maxwell, for respondent.

HIRSCHBERG, J. The action is brought in equity to compel the specific performance by the defendant of a contract for the sale of real estate, and has resulted in a judgment for damages; the specific performance being impossible. The parties had executed a written agreement whereby for a stipulated consideration the defendant agreed to convey to the plaintiff the real estate in the month of August, 1906. Subsequently the defendant conveyed the property to another, and the judgment covers the payments made by the plaintiff under the contract and the expenses to which he has been subjected in the premises.

At the time set by the contract for the transfer of the title the plaintiff was absent from the country; but he intrusted the consummation of the sale to his brother, empowered by written attorney to act for him. The defendant was not present, but had executed and delivered to an agent a deed of the premises, in which the plaintiff was named as grantee. Without the plaintiff's knowledge or consent, but with the consent of his attorney in fact, the name of the latter was substituted for that of the plaintiff in the deed as grantee. Some time afterward the defendant learned of this substitution and alteration, but ratified the change, and bought the property back from the plaintiff's brother, and, as I have said, sold it for value to another purchaser.

The appellant cites numerous authorities in support of the proposition that the change in the name of the grantee was in law a forgery, and that there can be no ratification of a crime. I think, however, in view of the subsequent assent to the change and the repurchase of the property by the defendant, that the transaction may be regarded as equivalent to a change in the deed, made at the time by the appellant, or a destruction of the deed by the appellant at the time and the substitution therefor of a new one, executed to the plaintiff's brother as grantee. The learned court at Special Term was of the opinion that the subsequent manipulations of the title by the defendant indicated that he knew of the alteration, at least at the time of the repurchase; and it would certainly be unjust to allow him to retain the proceeds of a sale which was never consummated, in addition to whatever he may have received on the sale as subsequently effected.

The judgment should be affirmed. All concur.